

**Brian M. Rostocki**
Direct Phone: +1 302 778 7561
Email: brostocki@reedsmith.com

Reed Smith LLP
1201 North Market Street
Suite 1500
Wilmington, DE 19801-1163
+1 302 778 7500
Fax +1 302 778 7575
reedsmith.com

May 15, 2023

**By CM/ECF**

The Honorable Lauren D. Hatcher
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

     Re: *Go Airlines (India) Limited v. International Aero Engines, LLC*
        Case No. 23-mc-249-RGA-LDH

Dear Judge Hatcher:

  This firm represents Respondent International Aero Engines, LLC ("IAE") in the above-referenced case. On May 11, 2023, the Parties filed a Stipulation and Proposed Order for Filing Under Seal (the "Proposed Sealing Order"), which set forth IAE's agreement with Petitioner Go Airlines (India) Limited's ("GoFirst," together with IAE, the "Parties") to (1) have certain documents filed by GoFirst as exhibits to its Emergency Petition and Motion to Confirm Arbitration Awards (D.I. 2) (the "Petition") stricken from the docket and refiled under seal; and (2) allow the parties leave to file certain additional documents under seal. D.I. 20.

  The Parties submit this letter pursuant to the Court's oral order of May 11, 2023 directing the parties "to file a 3-page letter . . . setting forth the required justification under [*In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019)] for continued sealing of the documents, whether in whole or in part."

**IAE's Position**

  Under *Avandia*, 924 F.3d 662, 672, "[t]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Id.* (internal quotations omitted). However, the Third Circuit noted that the common law right of access is "not absolute," and that "the presumption [of access] is just that, and thus may be rebutted." *Id.* (internal quotations omitted). "The party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption" and "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (internal quotations omitted). The Court specifically noted that, "[t]o be sure, courts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" *Id.* at 679 (quoting *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660-62 (3d Cir. 1991)).

The Honorable Lauren D. Hatcher.
May 15, 2023
Page 2

ReedSmith

IAE primarily seeks to seal certain confidential agreements (the "Agreements") between the Parties, which GoFirst attached as exhibits to its Petition. These Agreements include: (1) Engine Agreement dated February 14, 2012 ("Engine Agreement") [D.I. 2-4]; (2) Fleet Management Program Agreement dated February 14, 2012 ("FMP Agreement") [D.I. 2-5]; (3) Pre-Payment and Subsequent Reconciliation of AOG and Engine Change Support for First Quarter 2020 dated February 3, 2020 (the "Pre-payment Agreement") [D.I. 2-6]; and (4) Binding Memorandum and Understanding dated November 12, 2019 ("Binding MOU") [D.I. 2-6].

Each of these Agreements contain explicit provisions requiring the parties to keep the terms of the Agreements confidential from third parties. *See* Engine Agreement, Appx. 21 § 12; FMP Agreement, Attach. 10 § 12; Pre-payment Agreement ¶ 8; Binding MOU § 7.

Moreover, IAE has a strong interest in maintaining the confidentiality of these provisions, which outweighs the presumption of public access, and IAE would suffer serious competitive injury by the continued disclosure of these documents on the public docket. The Agreements are heavily negotiated documents that set forth, collectively, hundreds of pages of terms defining the Parties' complex commercial relationship, under which IAE provided to, and maintained for, GoFirst dozens of airplane engines. The Agreements contain IAE's trade secrets including bespoke pricing terms, specifications, customized maintenance support plans, and bargained-for warranties. The terms of these Agreements are specific to GoFirst, and IAE negotiates separately and independently with each of its customers.

The continued disclosure of the Agreements could place IAE at a competitive disadvantage with its present and future customers as well as its competitors. Having full access to the Agreements, IAE's present and future customers could secure more favorable terms for their own contracts with IAE. IAE's competitors could undercut IAE's services and pricing model in an effort to lure customers away. The Agreements contain precisely the kind of information that courts have found warrant protection from public disclosure, and *Avandia* expressly recognized the importance of protecting this information. *See, e.g.*, *Pearson Educ., Inc. v. Chegg, Inc.*, 2023 U.S. Dist. LEXIS 19306, at *8 (D.N.J. Feb. 6, 2023) (ordering sealing where movant "ha[d] a legitimate private interest in preventing public access to its trade secret information"); *Koninklijke KPN N.V. v. Sierra Wireless Am., Inc.,* 2019 U.S. Dist. LEXIS 157282, at *2 (D. Del. Sep. 16, 2019) (granting motion to seal portions of a transcript that "contained sensitive and confidential licensing information, the disclosure of which may harm Plaintiff's competitive position and relationship with contracting parties not subject to suit"). *Pa. Nat'l Mut. Cas. Ins. Co. v. Everest Reinsurance Co.,* 2019 U.S. Dist. LEXIS 41285, at *10 (M.D. Pa. Mar. 14, 2019) ("[D]isclosure of the precise terms of any one agreement could reasonably have a significant impact on Penn National's ability to negotiate other agreements with different reinsurers."); *Mars, Inc. v. JCM Am. Corp.,* 2007 U.S. Dist. LEXIS 9819, at *7 (D.N.J. Feb. 13, 2007) (granting motion to seal contract documents because movant had "a legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public").

Further, the vast majority of the copious terms in the Agreements have **nothing** to do with the present dispute before the Court, which concerns GoFirst's Petition to confirm two interim arbitral awards. In fact, in its Petition and supporting Memorandum of Law, GoFirst cites to only **two** specific provisions in the Agreements: the arbitration clauses (which are identical for each of the Agreements), *see* Petition ¶

The Honorable Lauren D. Hatcher.
May 15, 2023
Page 3

ReedSmith

15; Mot. Br. at 5, and Section 6.8 of the FMP Agreement. *See* Petition ¶ 20; Mot. Br. at 7. Section 6.8 of the FMP Agreement is the only provision that the emergency arbitrator ostensibly relied upon in issuing the orders in the interim awards. Otherwise, the dispute before this Court is not over the terms of the Agreements, but the confirmability of the interim awards. *See Mosaid Techs., Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 511 (D. Del. 2012) (recognizing that "terms that relate to pricing, valuation, monetary payments, and financial information should be protected" when not directly related to merits of case). The public interest in keeping the Agreements accessible on the docket is therefore minimal.

Indeed, the Parties' dispute over certain of the terms of the Agreements is pending in an ongoing and confidential arbitration before the Singapore International Arbitration Centre ("SIAC"), and not before this Court. By agreeing to resolve their disputes in that forum, the Parties again agreed to "treat all matters relating to the proceedings and the Award as confidential." SIAC Rule 39.

For these reasons, in addition to the Agreements, IAE seeks to file under seal Exhibit A of the Declaration of Brian Rostocki. D.I. 29. Exhibit A is a default letter issued to GoFirst on July 27, 2022. Although IAE believes it is necessary to offer this letter into the record to provide the Court with needed context pertaining to the Parties' dispute and to respond to the accusation that GoFirst includes in its Petition, the letter is a key document in the Parties' arbitration and relates to the subject of disagreement. Out of an abundance of caution to ensure its compliance with the SIAC rules, IAE requests that the Court maintain this document under seal. *See In re B&C KB Holding GmbH*, 2023 U.S. Dist. LEXIS 27090, at *2 (S.D.N.Y. Feb. 14, 2023) (ordering seal of key documents in pending arbitration between the parties). The letter also describes certain confidential terms of the parties' Agreements, including terms pursuant to which IAE can suspend performance under the FMP Agreement, and should likewise be kept under seal on that basis.

**GoFirst's Position**

GoFirst joins in IAE's request.

We thank the Court for its attention to this matter. As always, counsel are available should the Court have any further questions.

Respectfully submitted,

*/s/ Brian M. Rostocki*

Brian M. Rostocki (No. 4599)

BMR:dnw

cc: **BY ECF**
    Anne M. Steadman
    Andrew D. Cordo
    Kailin Maloney