# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Go Airlines (India) Limited,<br><br>   Petitioner,<br><br>v.<br><br>International Aero Engines, LLC,<br><br>   Respondent. | Misc. No. 1:23-mc-00249-RGA LDH |

## RESPONDENT'S MOTION TO SEAL

Pursuant to Local Rule 5.1.3, Respondent International Aero Engines, LLC ("IAE") respectfully moves this Court for leave to file IAE's (i) Reply Memorandum in Further Support of Respondent's Motion to Stay (the "Reply"), (ii) the Declaration of Brian M. Rostocki, and (iii) an exhibit thereto under seal (collectively, the "Confidential Material"). The grounds for the motion are as follows:

1. While there is a general presumption in favor of public access to court records, the presumption is not absolute. *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The presumption is overcome where a party demonstrates "good cause." *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012). The good cause standard requires "a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Id*. at 508. For example, courts may deny access to judicial records "where they are sources of business information that might harm a litigant's competitive standing." *Id.* at 678 (quoting *Nixon*, 435 U.S. at 598). Courts have broad discretion to seal documents and should do so "when justice so requires." *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (citation omitted).

2. The Third Circuit affirmed these guiding principles in *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019). Under *Avandia*, "[t]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Id*. at 672 (internal quotations omitted). However, the "the presumption [of access] is just that, and thus may be rebutted." *Id*. (internal quotations omitted).

3. IAE seeks to file an exhibit, which is a confidential filing in the arbitration proceedings between IAE and Petitioner currently pending before the Singapore International Arbitration Centre ("SIAC") merits tribunal (the "Merits Tribunal"). In addition, IAE's Reply and the Declaration of Brian M. Rostocki substantively describe this same exhibit. Pursuant to the SIAC rules, proceedings of that tribunal are confidential. By agreeing to resolve their disputes in that forum, the Parties agreed to "treat all matters relating to the proceedings and the Award as confidential." *See* SIAC Rule 39.

4. Out of an abundance of caution to ensure its compliance with the SIAC rules, IAE requests that the Court permit the filing of the Confidential Material under seal. *See In re B&C KB Holding GmbH*, 2023 U.S. Dist. LEXIS 27090, at *2 (S.D.N.Y. Feb. 14, 2023) (ordering seal of documents in pending arbitration between the parties).

5. For the foregoing reasons, IAE respectfully requests that its Motion to Seal be granted.

Dated: May 19, 2023

OF COUNSEL:

REED SMITH LLP
Oliver K. Beiersdorf
James P. Duffy IV
Brian P. Giunta
599 Lexington Avenue
22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
obeiersdorf@reedsmith.com
jpduffy@reedsmith.com
bgiunta@reedsmith.com

Respectfully submitted,

REED SMITH LLP

/s/ Brian M. Rostocki
Brian M. Rostocki (No. 4599)
Anne M. Steadman (No. 6221)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
brostrocki@reedsmith.com
asteadman@reedsmith.com

*Counsel for Respondent International Aero Engines, LLC*