# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Go Airlines (India) Limited,

      Petitioner,

v.

International Aero Engines, LLC,

      Respondent.

Misc. No. 1:23-mc-00249-RGA LDH

## REPLY FOREIGN LAW DECLARATION OF DARIUS CHAN

Pursuant to 28 U.S.C. § 1746, I, Darius Chan, declare as follows:

1. I have previously given a Foreign Law Declaration dated 11 May 2023 in these proceedings (my "**1st Declaration**"). Unless otherwise specified, I adopt the abbreviations set out in my 1st Declaration.

2. I understand that GF has filed the Declaration of Colin Liew (the "**Liew Declaration**") in response to my 1st Declaration. I have been asked by IAE to reply to certain points in the Liew Declaration.

3. Mr. Liew and I agree that, under Singapore law:

3.1. the EA and the SEA are not "final". They do not have preclusive effect within the meaning of section 19B of the Singapore IAA;[1]

3.2. the EA and the SEA are not "awards", but "orders", and are therefore capable of being enforced only under section 12(6) of the IAA, which is a *sui generis* section of the IAA enacted by the Singapore legislature;[2]

---

[1] Paragraphs 28 and 29 of the Liew Declaration.
[2] Paragraph 52 of Liew Declaration

3.3. the EA and the SEA cannot be challenged or set aside in the Singapore courts in the same way as a final award;[3] and

3.4. foreign-seated emergency awards can be enforced in Singapore.[4]

4. However, Mr. Liew takes the view that the EA and the SEA are "sufficiently final or binding" under Singapore law to be enforceable under the New York Convention.[5] Mr. Liew's primary reason is that the EA and the SEA are capable of enforcement in Singapore under section 12(6) of the IAA, and are therefore "sufficiently" final or binding enough to be enforced (even under the New York Convention).[6]

5. I disagree. That the EA and the SEA are capable of enforcement in Singapore under section 12(6) of the IAA does not demonstrate that the EA and the SEA are "sufficiently" final and binding to be enforced under the New York Convention. Rather, the opposite is true. Section 12(6) was enacted precisely because interim orders such as the EA and the SEA were not final awards, and therefore could not be enforced without such a section.

6. This view is reinforced by the fact that the Singapore legislature had to specifically enact legislation to enable foreign orders and emergency awards to be recognised in Singapore. Put another way, the Singapore legislature enacted legislation that specifies that interim orders—whether made in Singapore or overseas—may be enforced <u>in Singapore</u>. This legislation has no extra-territorial effect. It does not purport to make emergency awards enforceable in other jurisdictions.

7. Moreover, that the EA and the SEA are "*insulated from being challenged before or set aside by the Singapore courts, in a manner to which an "award" is vulnerable*"[7] further

---

[3] Paragraph 53 of Liew Declaration
[4] Paragraphs 55-58 of Liew Declaration
[5] Paragraphs 6, 66
[6] Paragraph 48-54 of Liew Declaration
[7] Paragraph 53 of Liew Declaration

reinforces the fact that the EA and the SEA are not "sufficiently final or binding" orders that are capable of being enforced under the New York Convention.

8. Because the Singapore courts are not permitted under the IAA to take up applications to set aside interim orders, this supports the view that the Merits Tribunal is the only "competent authority", within the meaning of Article VI New York Convention, that may be applied to set aside the interim orders at issue here.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 19, 2023
Singapore

*Darius Chan*

Darius Chan